IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:   3:06cr27/RV/EMT
                                                    3:16cv44/RV/EMT

EUGENE JEROME SMITH

---

## ORDER, REPORT AND RECOMMENDATION

This case is before the court upon Defendant's "Amended Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" and supporting memorandum of law (ECF No. 371), to which the Government responded and Defendant replied (ECF Nos. 376, 377).   Defendant has also filed a "Motion to Expand the Record Pursuant to Rule 7," a "Motion to Strike the Government's Response in Part," and a "Motion to Supplement Petitioner's Motion to Strike" (ECF Nos. 381, 384, 386).   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

Defendant's "Motion to Expand the Record Pursuant to Rule 7," is hereby granted, and his "Motion to Strike the Government's Response in Part" and "Motion to Supplement Petitioner's Motion to Strike" are denied, except that the court has

taken the arguments into consideration in making its recommendation. After a review of the record and all arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.   *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND and ANALYSIS

Defendant was convicted after a jury trial of three controlled substance offenses and sentenced to a term of 300-months imprisonment (ECF Nos. 57, 89). His conviction and sentence were affirmed on appeal, and the Supreme Court denied certiorari (ECF Nos. 146, 165).   He filed numerous post-conviction motions, including two motions for a new trial, a motion for bond, a motion to vacate pursuant to 28 U.S.C. § 2255, and a motion to vacate pursuant to Fed. R. Civ. P. 60(b)(3), all of which were denied (*see* ECF Nos. 164, 167, 168, 169, 213, 234, 236, 240, 246, 249, 267, 272, 328, 335).   His appeals were likewise unsuccessful.   In July of 2015, Defendant's sentence was reduced from 300 months to 242 months, pursuant to a retroactive guidelines amendment (ECF No. 357).   In February of 2016, Defendant filed a motion to vacate pursuant to § 2255 and a motion for bond (ECF

Nos. 364, 366).    The instant amended § 2255 motion is now before the court (ECF
No. 371).

Defendant claims that he is entitled to re-sentencing because one of the state
court convictions used to calculate his criminal history was vacated in December of
2015.    The undersigned notes that such a claim is not considered to be a "second or
successive" claim, and § 2255(h)'s gatekeeping provision does not apply.    *See*
*Stewart v. United States*, 646 F.3d 856, 865 (11th Cir. 2011).

In its response to Defendant's motion, the Government agrees that the battery
conviction in paragraph 54 of Defendant's Presentence Investigation Report
("PSR") (ECF No. 387) has been vacated, and that, if Defendant were sentenced
today, no criminal history points would be assessed for this conviction (*see* ECF No.
376 at 1).    The Government also agrees that the "recency points" provision of
U.S.S.G. § 4A1.1(e) would no longer apply if Defendant were sentenced today (ECF
No. 376 at 2; PSR ¶ 60).

Defendant's PSR reflects that he had a total of 17 criminal history points (ECF
No. 387, PSR ¶ 61).    Thirteen or more criminal history points establishes a criminal
history category of VI.    As such, even with the elimination of the two criminal

history points assessed for the offense in Paragraph 54, and the one additional "recency point," Defendant would still have 14 criminal history points.

Defendant also challenges the assessment of points for the offenses listed in both Paragraph 53 and 55 of the PSR.[1]   He claims that because these two cases were consolidated for sentencing, criminal history points should be assessed for only one of the convictions (ECF No. 371 at 21–22).   Section 4A1.2(a)(2) of the United States Sentencing Guidelines provides that "[p]rior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense).   U.S.S.G. § 4A1.2(a)(2).   The offense conduct in Paragraph 53 occurred on December 22, 2002.   Defendant was arrested on February 24, 2003 (*see* ECF No. 387, PSR ¶ 53; ECF No. 381 at 5).   The offense conduct at issue in Paragraph 55 occurred on April 14, 2003, two months after the arrest for the offense conduct in Paragraph 53.   The PSR reflects that the conduct

---

1 Defendant asserts that he did not raise this issue in his initial § 2255 motion for two reasons. First, he acknowledges that the misapplication of the sentencing guidelines is not a constitutional claim.   Second, he notes that even if he had attributed the failure to raise this issue to ineffective assistance of counsel, he could not have shown prejudice because, at the time, removing the points attributable to this alleged error would not have reduced his criminal history category below category VI (*see* ECF No. 371 at 22–23).   It is only now, after the removal of the other three points, that correction of this alleged error could impact his sentence.

Case Nos.: 3:06cr27/RV/EMT; 3:16cv44/RV/EMT

described in Paragraph 55 was originally a misdemeanor for which Defendant was arrested on April 14, 2003, but that the case was transferred to the felony docket and Defendant was arrested on June 20, 2003 (*see* ECF No. 387, PSR ¶ 55; ECF No. 381 at 11).   Defendant pleaded nolo contendere to both offenses on July 22, 2003, but they were separated by an intervening arrest.

Defendant maintains that the offense listed in Paragraph 53 of the PSR, identified as "Fleeing or Attempting to Elude Police Officer," is inaccurate (ECF No. 377 at 2–4).   He notes that Escambia County Court records reflect that he was convicted of "Fleeing/Eluding LEO in Patrol Vehicle with Siren and Lights Activated," a more serious offense (*see* ECF No. 377 at 18).   Defendant states that although the PSR lists the case number as DKT #2003-CF-978, with "CF" denoting it as a felony, the named offense was "clearly a misdemeanor at the time of his arrest" (ECF No. 377 at 3).   Defendant represents that he was initially charged with misdemeanor fleeing and eluding in case 2003 MM 21172, but that the misdemeanor was dropped after the State opted to pursue felony charges.   Significantly, Defendant argues, he was not re-arrested on the felony charges until April 16, 2003, two days after the offense conduct charged in Paragraph 55.   Thus, he claims, the two offenses were not separated by an intervening arrest.   He also asserts that

Paragraph 53 of the PSR should have reflected this misdemeanor-to-felony procedural history, as was done in Paragraph 55, which also involved what was originally a misdemeanor offense that was ultimately charged as a felony.

The procedural background of the offense charged in Paragraph 53 could have provided a more complete picture.   However, Defendant's argument that it alters the outcome of his case is unpersuasive.   Defendant's original arrest on the conduct charged in Paragraph 53 of the PSR occurred on February 24, 2003, regardless of how the offense conduct was either initially or ultimately characterized.   There was no additional conduct that occurred or was incorporated into the case prior to his re-arrest.   Rather, the offense conduct, as Defendant freely states, was merely "upgraded" by the State.   Therefore, the fact that Defendant was not re-arrested on the felony fleeing and eluding charges until April 16, 2003, is of no moment.   The fact remains that there was an intervening arrest between the date of the law violation charged in Paragraph 53 and the date of the law violation charged in Paragraph 55. Defendant's assertion that points should be assessed for only one of these offenses is incorrect.

Case Nos.: 3:06cr27/RV/EMT; 3:16cv44/RV/EMT

In light of the court's conclusions above, Defendant's contention regarding his criminal history score—that the Government began its criminal history re-calculation from an improper starting point—is both moot and without merit.

Defendant also claims that his PSR was corrected and that he only had a total of 16 criminal history points, rather than the 17 points cited by the Government. While Defendant is correct that there was a post-sentencing correction made to Paragraph 48 of his PSR, this change affected only the description of the adjudication of the offense and not the criminal history points attributed to him (*see* ECF Nos. 132–135; ECF No. 387, PSR ¶ 48).   Thus, his criminal history category remains properly calculated at VI.

In a final effort to obtain sentencing relief, Defendant contends that even if his calculation of his criminal history points is incorrect, the court should still consider him for a reduction in his sentence (ECF No. 377 at 7–8).   He notes that seven of his criminal history points come from three separate convictions for driving while license suspended, which he concedes are "serious" but contends are nevertheless "glorified traffic violations" (ECF No. 377 at 7; ECF No. 387, PSR ¶¶ 51, 55, 57).   He also argues that the conviction in paragraph 55 was in error because at the time of his arrest and conviction, he actually had a valid driver's license (ECF

No. 377 at 25, Exh. G).   In further support of his request for a sentence reduction,
Defendant references a daily living report which describes him as a "valuable
worker" who has "set the example for newly arriving inmates" and who is
"remorseful for his past mistakes and has shown great steps to being rehabilitated"
(ECF No. 377 at 28).   He also reports that he has obtained a technical degree in
computer fundamentals.   Therefore, Defendant asks that if the court disagrees with
his position that the Guidelines range decreased as a result of the arguments
contained within his motion, that the court "grant a sentence reduction to the low-
end of the current guideline range" (ECF No. 377 at 8).   No valid jurisdictional
basis exists for the court to grant the requested reduction.

## CONCLUSON

For all of the foregoing reasons, the court finds that Defendant has failed to
show that he is entitled to a reduction in the calculated guidelines range, or an
evidentiary hearing.   Therefore Defendant's motion, to the extent it is a request for
sentencing relief, should be denied.   However, amendment of the record to reflect
that Defendant has a total of 14, rather than 17 criminal history points may be
appropriate in the event of future adjustments.

Case Nos.: 3:06cr27/RV/EMT; 3:16cv44/RV/EMT

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:06cr27/RV/EMT; 3:16cv44/RV/EMT

Accordingly, it is **ORDERED**:

1.  Defendant's "Motion to Expand the Record Pursuant to Rule 7" (ECF No. 381) is **GRANTED**.

2.  Defendant's "Motion to Strike the Government's Response in Part" and "Motion to Supplement Petitioner's Motion to Strike" (ECF Nos. 384, 386) are **DENIED**, except that the court has considered the arguments contained therein in making its recommendation.

And it is respectfully **RECOMMENDED** that:

1.  The amended motion to vacate, set aside, or correct sentence (ECF No. 371) be **DENIED,** but that the record be amended to reflect an adjustment to the number of criminal history points attributable to Defendant.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 9th day of February 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


Case Nos.: 3:06cr27/RV/EMT; 3:16cv44/RV/EMT

## <u>NOTICE TO THE PARTIES</u>

      **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:06cr27/RV/EMT; 3:16cv44/RV/EMT