IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                   Case Nos.:    3:06cr27/RV/EMT
                                                                                 3:16cv44/RV/EMT

EUGENE JEROME SMITH

_____/

## **O R D E R**

This cause comes on for consideration upon the chief magistrate judge's Report and Recommendation, dated February 9, 2017 (ECF No. 388) (Report). The parties have been furnished with a copy of the Report and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* determination of all timely filed objections.

Having considered the Report, and the timely filed objections thereto (doc. 391-392), I have determined that the Report should be adopted in all respects. I have only one thing to add.

As detailed in the Report, the defendant challenges, *inter alia*, the assessment of points for the offenses listed in Paragraphs 53 and 55 of his PSR. He was arrested for the offense in Paragraph 53 on February 24, 2003 (for conduct that occurred on December 22, 2002), after which he was arrested for the offense in Paragraph 55 on April 14, 2003 (for conduct that occurred on April 14, 2003). He argues that because

the two cases were consolidated for sentencing, criminal history points should have been assessed for only one of the convictions because they were not separated by an intervening arrest. *See* U.S.S.G. § 4A1.2(a)(2) ("Prior sentences are always counted separately *if* the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)" (emphasis supplied)). The two convictions were not separated by an intervening arrest, the defendant contends, because the first case (the offense charged in Paragraph 53) was originally charged as a misdemeanor, but it was subsequently upgraded to a felony *after* his arrest for the second case (the offense charged in Paragraph 55). The Report states that "regardless of how the offense conduct was either initially or ultimately characterized . . . [t]he fact remains that there was an intervening arrest between the date of the law violation charged in Paragraph 53 and the date of the law violation charged in Paragraph 55." I agree, and note that the Fourth Circuit has held similarly. In *United States v. Crawford*, 552 Fed. Appx. 240 (4th Cir. 2014) (unpublished decision), the defendant objected to his designation as a career offender based on the fact that he was arrested for misdemeanor assault on January 20, 2009, after which he was arrested for a separate charge on February 10, 2009, and, thereafter, on April 6, 2009, the initial misdemeanor charge was upgraded to a felony. The Fourth Circuit said in that case:

> Appellant argues there was no intervening arrest between the two qualifying offenses in this case because, while he was ultimately convicted of felony assault based on his January 20, 2009 misdemeanor arrest, he was not charged with a *felony* for that offense until April 6, 2009, which was *after* his February 10, 2009 arrest, and he was not rearrested following the April 6, 2009 felony indictment. Appellant's argument is basically one of semantics. He urges that even though he was ultimately charged and convicted of a felony, because his initial arrest was based on a misdemeanor charge at the time of arrest, it should not count for the purpose of the career offender calculus.
>
> Although we have not addressed this precise issue, our analysis need go no further than the plain language of the Sentencing Guidelines provision itself. Under a plain reading of U.S.S.G. § 4A1.2(a)(2), whether or not an intervening arrest has occurred is solely a matter of *timing*; offenses are separated by an intervening arrest occur when "the defendant is arrested for the first offense *prior to committing the second offense*." (emphasis supplied). Nothing in the plain language of the Sentencing Guidelines gives any weight to the *nature* of the crime with which the defendant is initially charged. This comports with a common-sense interpretation of the definition of an "intervening arrest" because, as a practical matter, the nature and scope of charges often change between the time an individual is initially arrested and the point at which a full investigation is conducted and the individual is formally charged. *See United States v. Coleman*, 38 F.3d 856, 860 (7th Cir. 1994) ("Once arrested, the defendant was 'arrested' for all charges that might have been filed relating to his conduct. When looking for an intervening arrest [under the Guidelines], we concentrate on the defendant's conduct.").

*Id.* at 247-48 (emphasis in the original).

Accordingly, it is now **ORDERED** as follows:

1.The chief magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2.The amended motion to vacate, set aside, or correct sentence (ECF No. 371) is **DENIED,** but the record is amended to reflect an adjustment and reduction to the number of criminal history points (three) attributable to Defendant based on the vacatur of one of his state court convictions, specifically, the battery conviction in Paragraph 54 of the PSR.

3.A certificate of appealability is **DENIED**.

**DONE AND ORDERED** this 15th day of March, 2017.

/s/ *Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**